CLD-301                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2104
_____

ERNEST AVERY,
                                                     Appellant

v.

WARDEN LORETTO FCI;
ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-15-cv-00298)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 23, 2016
Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: June 29, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ernest Avery appeals from the orders of the United States District Court for the Western District of Pennsylvania denying his habeas petition, which he filed under 28 U.S.C. § 2241, and denying his motion for reconsideration. We will affirm.

Avery is a federal prisoner serving a 192-month sentence imposed by the United States District Court for the Eastern District of Pennsylvania. That Court imposed the sentence in 2009 after Avery pleaded guilty to charges of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371; armed bank robbery in violation of 18 U.S.C. § 2113(d); using and carrying a firearm during and in relation to a crime of violence, which was an armed bank robbery, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2; conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); and Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2. No direct appeal was taken.

In June 2014, Avery returned to the sentencing court and filed a motion to vacate pursuant to 28 U.S.C. § 2255. The sentencing court denied the motion as time-barred. Avery did not appeal. Rather, he filed another § 2255 motion in the sentencing court which was denied as an unauthorized second or successive motion to vacate. Although Avery filed an appeal from that determination, we later dismissed the appeal because Avery failed to prosecute the case.

In November 2015, Avery filed in the Western District—his district of confinement—a § 2241 petition. In that petition, Avery appeared to argue generally that

2

his claims challenging his conviction and sentence should be reviewed because the sentencing court previously declined to review them on the merits. In doing so, Avery did not identify any particular claims over which he sought review. Adopting the recommendation of the magistrate judge, the District Court denied the petition, concluding that Avery failed to demonstrate that § 2255 was an inadequate or ineffective mechanism for challenging the validity of his sentence. After the District Court denied Avery's motion for reconsideration, this timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We will summarily affirm the District Court's judgment because this appeal does not present a substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

The District Court properly concluded that because Avery sought to challenge in his § 2241 petition the legality of his sentence, not its execution, he should have presented his claims in a § 2255 motion.[1] Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). When challenging the validity rather than the execution of a federal sentence, a federal prisoner must do so through a § 2255

---

[1] Although the District Court denied the petition, we treat its disposition as a dismissal for lack of jurisdiction.

3

motion. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). A federal prisoner may resort to the safety valve provision of § 2241 only where § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The mere fact that a prisoner has previously filed a § 2255 motion and cannot meet the standard for filing another does not mean that § 2255 is inadequate or ineffective. See Dorsainvil, 119 F.3d at 251.

Thus far, we have limited the safety valve to situations where an intervening change in law has decriminalized the actions underlying the conviction. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002). Avery does not argue in his petition that an intervening change in law made the conduct underlying his conviction non-criminal.[2] Additionally, Avery has not presented any other extraordinary circumstances in his petition that might justify applying the § 2241 safety valve. There being no substantial question presented on appeal, we will summarily affirm the judgment of the District Court.

---

[2] We observe that Avery recently presented to this Court a separate application to file a second or successive motion to vacate based upon the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). That application remains pending in this Court.